**Alice WAGGONER, Plaintiff–Appellant,**

v.

**SUPERVALU HOLDING, INC.; Supervalu, Inc., Defendants–Appellees.**

No. 00–3002.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

This is an appeal from a summary judgment for the defendants in this employment discrimination case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Alice Waggoner filed an employment discrimination complaint against Supervalu Holding, Inc., and Supervalu, Inc., in which she set forth five distinct claims for relief under various theories of recovery. The parties agreed to vest final decision-making authority in the magistrate judge to whom the matter was assigned and the defendants eventually moved for summary judgment. The magistrate judge granted the defendants' motion in all respects and this appeal followed.

This court reviews de novo a district court's grant of summary judgment. *See, e.g., Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 349 (6th Cir.1998). Summary judgment is proper only when there is no dispute as to a material question of fact and one party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). A de novo examination of the record and law supports the judgment on appeal in all respects.

Waggoner's complaint articulates claims for relief stemming from her perceptions that she was paid less than similarly situated men, that she was the victim of a sexually-motivated verbal harassment, and that she was retaliated against for seeking redress for the alleged harassment. Waggoner began working for Supervalu, a

warehouse and distribution facility for retail supermarkets, as a clerical employee in 1987. She was thereafter promoted to the position of technical buyer on February 26, 1996. A Supervalu technical buyer is responsible for purchasing certain products for subsequent distribution to retail customers. Waggoner's initial salary for this position was $25,681 and she received an increase six months later to $29,350.

On November 7, 1996, Waggoner received a telephone call from Supervalu's warehouse manager, Doug Studley. Waggoner's contemporaneous notes reflect that Studley called to complain that one of the carriers could not off-load fast enough to prevent Studley from incurring overtime expenses. The evidentiary material accompanying the responsive pleading shows that Waggoner complained to Supervalu management about the tone and substance of Studley's remarks. The ensuing investigation revealed conflicting versions of the conversation and, following an apology by Studley to Waggoner, Supervalu management considered the matter closed.

In April 1997, Waggoner reported to her supervisors that she had received an anonymous note in which she was urged to quit her job and vilified for her past interracial dating. The uncontested evidentiary material of record shows that the Supervalu management called the entire office force into a meeting and asked them for information concerning the note. Management promised to terminate the perpetrator if found, and initiated an in-house investigation that included sending the note to a fingerprint expert, although the results of the fingerprint examination were negative. In addition, Waggoner reportedly received an anonymous telephone call at her workstation in May 1997 during which the caller made threatening remarks about Waggoner's son. Supervalu management investigated and considered installing Caller ID

on Waggoner's telephone but ultimately rejected the idea as it would only show the identity of internal callers.

Finally, Waggoner's relationship with her employer had significantly deteriorated following an incident in May 1997 when she reportedly told one of her managers to "leave her the [expletive deleted] alone," a quote that Waggoner denied ever making. Waggoner was given a paid three-day holiday during which she was counseled to consider whether she wished to remain a Supervalu employee. She was thereafter directed into Supervalu's Employee Assistance Program for counseling sessions. Waggoner failed to complete the requested counseling sessions and, after trading registered letters and voice mails with Supervalu, Waggoner's employment was terminated.

Based chiefly on the incidents set forth above, Waggoner initiated an action in federal court. Waggoner contended that her unequal pay amounted to violations of the Equal Pay Act and Title VII, she claimed that she was the victim of a hostile work environment and that she was retaliated against for taking protected action to remedy these workplace violations. The matter was referred to a magistrate judge for a final decision and he granted Supervalu's motion for summary judgment in total. The magistrate judge concluded 1) that the evidence supported Supervalu's contention that its technical buyers were paid according to a wide variety of skills, experience and other factors unrelated to sex, 2) that there was no sexual harassment component to the alleged harassment, and 3) that Waggoner had not demonstrated that she ever engaged in protected conduct for which she could be subject to retaliation. Waggoner takes issue with these conclusions on appeal.

Upon consideration, the judgment will be affirmed for the reasons set forth in the

magistrate judge's decision entered November 30, 1999.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.